

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2004

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Chen v. Atty Gen USA" (2004). *2004 Decisions*. Paper 418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3185

_____

YONG ZHEN CHEN,

Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A77-322-686)

_____

Argued July 13, 2004

Before:  RENDELL, BARRY and FISHER, *Circuit Judges*.

(Filed: August 4, 2004)

Marco Pignone, III (Argued)
Wilson & Pignone
117 South 17th Street, Suite 908
Philadelphia, PA  19103
        *Attorney for Petitioner*

Matthew L. Zabel (Argued)
United States Department of Justice
Appellate Section
950 Pennsylvania Avenue, N.W., Room 4632
Washington, DC 20530

Douglas E. Ginsburg
John D. Williams
Terri J. Scadron
Robbin K. Blaya
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Attorneys for Respondent*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Petitioner Yong Zhen Chen appeals the order of the Board of Immigration Appeals ("BIA") denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture. Because the BIA's order was supported by substantial evidence, we will dismiss the petition for review.

Chen was engaged and the woman became pregnant. The couple had not undergone a traditional Chinese wedding ceremony, and even if they had, could not register a traditional marriage because the woman was underage under China's birth control policy. She was subsequently ordered to have an abortion by Chinese birth-

2

control officials. When officials arrived to escort the woman to the abortion, Chen tried to prevent them from entering their home. He was surrounded and beaten while his fiancee was dragged from the bedroom and kicked. She bled and suffered a miscarriage.

The next day, Chen complained to officials that they had killed his baby. He was detained at the police station, handcuffed to a window frame, slapped, and knocked unconscious. Two days later, he was released on bail. Officials threatened to order Chen to return to the station at any time, and that he would have to pay a fine. Officials came to Chen's home "many times" and said his "wife" could not live with him. Chen could not pay a fine and officials removed property from his home when he tried to leave China.

The immigration judge denied Chen's applications for asylum, withholding of deportation, and relief under the Convention Against Torture. The BIA affirmed, finding that Chen "failed to show that he or his spouse has been forced to abort a pregnancy, forced to undergo involuntary sterilization, or persecuted for resistance to a coercive population control program." Chen filed a timely petition for review.

To obtain reversal, Chen "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Although we sympathize with Chen and do not condone his treatment at the hands of the birth-control officials, the BIA's finding that Chen did not warrant asylum is supported by substantial evidence. See Prasad v. INS, 47 F.3d 336 (9th Cir. 1995) (no past persecution despite

3

custodial beating); <u>Kapcia v. INS</u>, 944 F.2d 702 (10th Cir. 1991) (asylum denied despite repeated two-day detentions where petitioner was interrogated and beaten).

Alternatively, Chen argues that he may bootstrap his asylum application through the nature of his relationship with his fiancee. As support, he cites to the BIA's decision of <u>In re C-Y-Z</u>, 21 I. & N. Dec. 915 (BIA 1997), where the BIA held that the spouse of a woman who underwent an involuntary sterilization merited asylum. Chen asks that <u>C-Y-Z</u> be extended to non-married adults who were legally prohibited from officially marrying due to the minimum age requirements of China's birth control policy. We decline to extend <u>C-Y-Z</u>, because the plain language of the definition of "refugee" requires an individualized analysis of the alleged persecution. 8 U.S.C. § 1101(a)(42). To the extent that <u>C-Y-Z</u> takes a categorical approach regarding spouses, that approach should not be extended to the current context, and the BIA does not urge us to hold otherwise. As the BIA's conclusions regarding Chen's experiences were supported by substantial evidence, we may not substitute our view for that of the BIA.[1]

We have considered Chen's remaining arguments and find them to be without merit. Accordingly, the petition for review will be DENIED.

---

[1]Nor is petitioner aided by the Ninth Circuit's recent decision in <u>Ma v. Ashcroft</u>, where the Court overturned a BIA order denying asylum to a man whose traditional marriage could not be officially registered. 361 F.3d 553 (9th Cir. 2004). That decision is inapposite as Chen was unmarried, either officially or traditionally.